JULES TARDOS *v.* MERIDITH CALHOUN.

This case involves only questions of fact.

APPEAL from the District Court, Parish of Rapides, *Ryan*, J. *Thomas C. Manning & H. M. Hyman*, for apellant.

This case was tried by jury in the District Court.
The facts are stated in the opinion of the Court.

HYMAN, C. J.   Suit was brought in this case to enforce a contract of sale of two hundred and fifty bales of cotton, by defendant to plaintiff.
The words of the contract are as follows, to wit:

"STATE OF LOUISIANA, PARISH OF RAPIDES.

"Be it remembered that M. Calhoun has sold to J. Tardos (French subject), the quantity of two hundred and fifty bales of cotton, yet unginned and in the seed, from that on his plantation in the Parish of Rapides, near the junction of the Cane River with the Rigolet Branch of the Red River; said cotton not to be in quality under low middling, and not over middlings; but to be, as near as possible, in equal parts of both. When ginned and baled, the bales to be as near as may be of 450 pounds of clear ginned cotton.

"It is agreed that the said Tardos is to furnish bagging and rope and twine, for the baling of the same, and M. Calhoun is to gin and bale it, gratuitously, holding it subject to the order of purchasers for shipment. The cotton is now, from this date, considered as delivered to the said J. Tardos, and at his risk and hazard. If there is any deficiency in the weight of the quantity of cotton from 450 pounds to the bale, the same is to be made up or deducted, according to the present price. The cotton is sold at the rate of thirty dollars per bale of this weight, paid in Treasury notes to the seller, the receipt of which is hereby acknowledged, said Treasury notes being United States.

J. TARDOS,
M. CALHOUN.

"H. BOYCE,
"J. CALHOUN,
            Witnesses.
"29th January, 1864."

Plaintiff had the cotton sequestered.   Defendant released it from sequestration by giving bond and security for its delivery to plaintiff, in

the event that judgment should be rendered against him.

Plaintiff, in his petition, claimed the ownership of the cotton, and prayed, in the alternative, that he recover of defendant the cotton or its value.

The defence of defendant, in his answer, is that most of the cotton was burned, and that plaintiff must sustain a portion of the loss by the burning.

The case was tried by a jury, who rendered "a verdict in favor of plaintiff."

On this verdict, the Judge of the lower Court rendered judgment, decreeing that defendant should deliver to plaintiff two hundred and fifty bales of cotton, and pay the costs of suit.

From this judgment defendant has appealed.

The defendant adduced a mass of evidence, showing that he lost several thousand bales of cotton by fire, on several of his plantations, but failed to adduce any satisfactory evidence showing that he had lost by fire or otherwise, any quantity of unginned cotton, on the plantation from which he sold to plaintiff the two hundred and fifty bales; and his argument before this Court is that, as he has lost such a quantity of cotton from all of his plantations, plaintiff should lose proportional with him, and that, therefore, plaintiff is entitled to recover only fifty bales of cotton.

It is unnecessary to answer such a position as that assumed by defendant.

The clause in the contract, wherein plaintiff assumed the risk of the loss of the cotton sold to him, differs in nothing from the risks that the law imposed on him by the nature of the contract. See Civil Code, 2413, 1910, 1911.

Plaintiff has asked, in his answer to the appeal, that the judgment of the lower Court be so amended as to give him a judgment for the value of the cotton, as proven, in the event defendant should neglect to deliver the same.

It is ordered, adjudged and decreed, that the judgment of the District Court be so amended as to require of the defendant the delivery to plaintiff of two hundred and fifty bales of ginned cotton, weighing 450 pounds each, such as was sequestered, within thirty days from the time of filing this decision (or a copy of same) in the District Court for the Parish of Rapides.

It is further decreed that, in the event that the defendant should neglect to deliver the cotton to plaintiff within thirty days after this judgment shall have been filed in the District Court, that plaintiff recover of defendant the sum of two hundred and twenty-five dollars, for every bale that defendant shall fail to deliver within the time specified.